**JI RONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5347–ag.

United States Court of Appeals, Second Circuit.

May 23, 2008.

Sheema Chaudhry, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michael P. Lindemann, Assistant Director; Ada E. Bosque, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

*SUMMARY ORDER*

Petitioner Ji Rong Chen, a native and citizen of China, seeks review of the October 31, 2007 order of the BIA denying his motion to reopen. *In re Ji Rong Chen,* No. A77 281 120 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Chen's motion to reopen as barred by time and number limitations. The BIA's final order was issued in September 2002, but Chen did not file his motion to reopen until July 2006, *See* 8 C.F.R. § 1003.2(c)(2). Likewise, as Chen's July 2006 motion was his second motion to reopen, there can be no dispute that the motion was number-barred. *See id.* As the BIA found, Chen's motion did not qualify for an exception to the time or number limitation based on changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Chen submitted no country condition evidence; his motion to reopen simply provided additional evidence of his wife's purportedly forced sterilization.[1] Accordingly, as the BIA did not abuse its discretion in finding that Chen

---

1. Where, as here, an alien files a timely petition for review from the denial of a motion, but not from the underlying affirmance of a removal order, we review only the denial of the motion. *Ke Zhen Zhao,* 265 F.3d at 90.

51

failed to demonstrate changed country conditions, it did not err in denying his motion to reopen as barred by the time and number limitations. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006); *see also Kaur,* 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Chen's pending motion for a stay of removal in this petition is DISMISSED as moot.